**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

KELLYNE PIERRE,

        CASE NO. 1:26-cv-21874-DSL

      Plaintiff,

v.

TRANS UNION, LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES
LLC; GENERAL MOTORS FINANCIAL
COMPANY, INC.; CAPITAL ONE, N.A.;
CAPITAL ONE AUTO FINANCE, INC.;
700CREDIT, LLC; TROPICAL CHEVROLET,
INC.; GLOBAL LENDING SERVICES LLC;
MIAMI SHORES AUTOMOTIVE, LLC;
SANTANDER CONSUMER USA INC.;
and TD AUTO FINANCE  LLC (now merged into
TD BANK, N.A.),

      Defendants.

_____/

**DEFENDANT GLOBAL LENDING SERVICES LLC'S**
**MOTION TO DISMISS COMPLAINT AND**
**INCORPORATED MEMORANDUM OF LAW**

Defendant Global Lending Services LLC ("Global Lending" or "GLS") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Kellyne Pierre's ("Plaintiff") Complaint for failure to state a claim on which relief may be granted, and states:

## INTRODUCTION

Plaintiff's Complaint relies on the common misconception that a permissible purpose does not exist if a consumer does not provide direct authorization to a creditor to pull their credit report in connection with a credit transaction. This theory is legally flawed, as the existence of a permissible purpose is independent of authorization by the consumer. Plaintiff's conclusory allegation that Global Lending lacked a permissible purpose because she did not give Global Lending permission to access her credit report does not meet the pleading requirements—and therefore her claim for violation of 15 U.S.C. § 1681b(f) must fail.

Specifically, Global Lending received credit applications from Tropical Chevrolet on or about November 13, 2024, in the names of Kellyne Pierre and Ronald A. Pierre for the extension of credit in connection with the purchase or finance of a vehicle. Global Lending pulled Plaintiff's credit report for the purpose of evaluating these credit applications—i.e., in connection with credit transactions— and ultimately denied each application. Global Lending issued adverse action notices ("Denial Letters") to the applicants on December 6, 2024. Recent Eleventh Circuit case law makes it clear that a user of consumer reports is not required to confirm the identity of a consumer before requesting or viewing a credit report when it receives a credit application, as Plaintiff suggests in the Complaint. Thus, pursuant to 15 U.S.C. § 1681b(a)(3)(A), Global Lending had a permissible purpose to access

Plaintiff's credit report. Accordingly, Global Lending respectfully requests the Court dismiss the Complaint with prejudice as to Global Lending pursuant to Rule 12(b)(6).

## BACKGROUND

Plaintiff alleges she was a victim of identity theft, resulting in her filing a Federal Trade Commission ("FTC") Identity Theft Report dated July 2, 2024, and filing multiple police reports with the Hollywood Police Department and the Coral Springs Police Department on or about June 14, 2024. (Doc. 1, ¶ 61). Plaintiff contends that her personal identifying information was used without her knowledge or authorization in connection with fraudulent automobile-related credit activity.

With respect to Global Lending, Plaintiff alleges that her Equifax credit report reflects a hard inquiry by GLS dated November 13, 2024. (*Id*., ¶ 71). Plaintiff mailed a dispute letter to Equifax, received on June 6, 2025, disputing the hard inquiry reported by Global Lending Services with a date of inquiry of November 13, 2024. (*Id*. ¶ 64). Plaintiff mailed a second dispute letter to Equifax, received on September 30, 2025, again disputing the GLS hard inquiry dated November 13, 2024. In Plaintiff's October 31, 2025 Equifax credit report, the GLS hard inquiry dated November 13, 2024 remained verified. *Id*.

Plaintiff states that she "never gave permission to GLS to access her credit report, nor did Defendant GLS have a permissible purpose under the FCRA to obtain

Plaintiff's credit report in conjunction with this access of her credit report." *Id*. On that basis, Plaintiff asserts a cause of action against Global Lending for violation of 15 U.S.C. § 1681b(f) (Count XXII).

In reality, on November 13, 2024, Global Lending received credit applications from Tropical Chevrolet in the names of Kellyne Pierre and Ronald A. Pierre for the extension of credit. Global Lending obtained Plaintiff's credit scores from Equifax and Experian on November 13, 2024, evaluated the applications, and ultimately denied credit.[1] Global Lending issued Denial Letters to the applicants on December 6, 2024, pursuant to its obligations under the Equal Credit Opportunity Act and the Fair Credit Reporting Act. Global Lending and Plaintiff have no other relationship – contractual or otherwise.

## STANDARD OF REVIEW

To state a claim upon which relief can be granted, a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In other words, a complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. When assessing whether the complaint satisfies this standard, courts must treat a complaint's allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts, however, need not accept

---

[1] Copies of the Credit Inquiry and Denial Letters are attached collectively as **Exhibit "A."**

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* While this standard does not require "detailed factual allegations," it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although the Court is required to accept all of the factual allegations as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678.

The Court may consider the Denial Letters and Credit Inquiry without converting this motion to one for summary judgment, as the documents are integral to Plaintiff's Complaint, the relationship between Global Lending and Plaintiff, and Plaintiff's allegations regarding Global Lending pulling her credit report. *See Home v. Potter*, 392 Fed. Appx. 800 (11th Cir. 2010); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment).

## ARGUMENT

**A.  Global Lending Had A Permissible Purpose For Reviewing Plaintiff's Credit Report And The Alleged Lack Of Authorization Has No Bearing On The Existence Of A Permissible Purpose.**

The premise of Plaintiff's impermissible purpose claim is that Global Lending obtained her consumer report without authorization, as she allegedly did not apply for credit. On that basis, Plaintiff contends Global Lending lacked a permissible purpose for the credit pull. Plaintiff's theory of recovery is premised on the common misconception that a lack of authorization equates to the absence of a permissible purpose. That theory is inaccurate.

The law is clear that an impermissible purpose analysis focuses solely on whether the underlying purpose for obtaining the credit report is permissible, regardless of authorization. Here, Plaintiff fails to meet her pleading obligation as merely alleging the absence of a permissible purpose is insufficient. Global Lending pulling Plaintiff's credit report in connection with a credit transaction is a permissible purpose, regardless of whether the application itself was authorized and/or the product of "identity theft."

To state a claim under § 1681b(f), a plaintiff must allege: "(i) there was a consumer report, (ii) Defendant obtained it, (iii) Defendant did so without a permissible statutory purpose, and (iv) Defendant acted with the specified culpable mental state [willful or negligently]." *Baines v. Convergent Outsourcing Inc.*, No. 6:24-CV-804-WWB-LHP, 2024 WL 5679237, at *2 (M.D. Fla. Nov. 12, 2024),

*report and recommendation adopted*, No. 6:24-CV-804-WWB-LHP, 2025 WL 1276858 (M.D. Fla. Jan. 10, 2025). Merely alleging the absence of a permissible purpose or authorization is insufficient. *McKernan v. Diversified Consultants, Inc.*, No. 614CV2126ORL22KRS, 2015 WL 12426148, at *3 (M.D. Fla. July 2, 2015); *Davis v. Capital One Auto Fin.*, No. 1:17-CV-1706-WSD, 2017 WL 4129647, at *3 (N.D. Ga. Sept. 18, 2017) (finding that plaintiff's allegations "that he never had business dealings, made a credit application with, or otherwise gave permission to [the defendant] to access his credit report are insufficient to state a claim" under § 1681b(f)); *Gadelkareem v. Miracle Toyota*, No. 6:25-CV-1674-JSS-RMN, 2026 WL 625967, at *2 (M.D. Fla. Jan. 26, 2026).

The issue of whether a permissible purpose exists is a question of law. *See Pinson v. Monarch Recovery Mgmt.*, No. 12-80480, 2013 WL 961308, at *2 (S.D. Fla. March 12, 2013) (citing, e.g., *Miller v. Rubin & Rothman, LLC*, No. 10-2187, 2011 WL 4359977, at *3 (D. Minn. Sept. 19, 2011)).

A person or entity who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished" may access the credit report. 15 U.S.C. § 1681b(a)(3)(A). Written consent is not required if a credit report is obtained for a permissible purpose. *See Dixon v. Shamrock Fin. Corp.*, 522 F.3d 76, 77 (1st Cir. 2008).

The law is clear that "so long as it has a statutorily defined 'permissible purpose[]'" a business does not require the consent of a potential customer under the FCRA. *Long v. Bergstrom Victory Lane, Inc.*, No. 18-C-688, 2018 WL 4829192, at *2 (E.D. Wis. Oct. 4, 2018) (quoting *Santangelo v. Comcast Corp.*, No. 15-cv-0293, 2015 WL 3421156, at *4 (N.D. Ill. May 28, 2015)); *Minter v. AAA Cook Cty. Consolidation, Inc.*, No. 02 C 8698, 2004 WL 1630781, at *4 (N.D. Ill. July 19, 2004).

Whether Plaintiff authorized a credit application is immaterial as to whether Global Lending had a permissible purpose in pulling Plaintiff's consumer report. Plaintiff's allegation of Global Lending lacking a permissible purpose is conclusory and insufficient to validly plead a claim for violation of 15 U.S.C. § 1681b. As discussed *infra*, even if Plaintiff's allegations were sufficient to plead the non-existence of a permissible purpose, Global Lending reviewed Plaintiff's consumer report in connection with credit applications from an automobile dealership, which is a permissible purpose pursuant to 15 U.S.C. § 1681b(a)(3)(A).

**B.**     **Global Lending Had A Permissible Purpose To Access Plaintiff's Credit Report Because It Received Credit Applications From An Automobile Dealership.**

On November 13, 2024, Global Lending received credit applications from Tropical Chevrolet in the names of Kellyne Pierre and Ronald A. Pierre for the extension of credit in connection with the purchase or finance of a vehicle. Global

Lending pulled Plaintiff's credit report for the purpose of evaluating these credit applications—i.e., in connection with credit transactions—which is a permissible purpose pursuant to 15 U.S.C. § 1681b(a)(3)(A).

Global Lending obtained Plaintiff's credit scores from Equifax and Experian on November 13, 2024 and evaluated the applications. After evaluating each application, Global Lending issued Denial Letters to the applicants on December 6, 2024. The date that Global Lending received the credit applications—November 13, 2024—matches the date of the hard inquiry on Plaintiff's Equifax credit report as alleged in the Complaint. (Doc. 1, ¶ 71).

Each credit application created an independent permissible purpose for Global Lending to pull Plaintiff's credit. Accordingly, Plaintiff cannot maintain a FCRA claim against Global Lending based on § 1681b(f) of the FCRA.

**C.     The FCRA Does Not Require Global Lending To Verify The Identity Of A Credit Applicant Before Pulling A Credit Report.**

Even assuming *arguendo* that the credit applications were submitted by an identity thief rather than Plaintiff herself, Global Lending still had a permissible purpose. The FCRA does not require a user of consumer reports to confirm the identity of the applicant before requesting a credit report. The Eleventh Circuit expressly held that "the [FCRA] does not explicitly require a user of consumer reports to confirm beyond doubt the identity of potential consumers before

requesting a report." *Domante v. Dish Networks, L.L.C.*, 974 F.3d 1342 (11th Cir. 2020).

This binding precedent is directly on point: a creditor that receives a credit application bearing a consumer's identifying information has a permissible purpose to pull that consumer's credit report, regardless of whether the application was in fact submitted by the consumer or by an "identity thief."

The Third Circuit Court of Appeals recently reached the same conclusion in *Migliore by Migliore v. Vision Solar, LLC*, 160 F.4th 79, 91-92 (3d Cir. 2025). In that case, the plaintiff alleged that a sales representative applied for credit in her name without her consent, and the defendant creditors obtained her credit report for the purpose of evaluating that application. The Third Circuit accepted plaintiff's contention as true that the sales representative applied for credit in her name without her consent and held that it is not pertinent to whether a valid FCRA impermissible purpose claim was stated. "Section 1681b(f) bars obtaining or using a credit report for an improper purpose; it does not bar applying for credit by an improper means or in someone else's name." *Vision Solar*, 160 F.4th at 92. The Third Circuit upheld dismissal of the impermissible purpose claim as a creditor is permitted to obtain a credit report "to use the information in connection with a 'credit transaction involving the consumer.'" *Id.* at 91 (citing *Bibbs v. Trans Union LLC*, 43 F.4th 331, 341 n.15 (3d Cir. 2022) (quoting 15 U.S.C. § 1681b(a)(3)(A))).

The facts here are directly analogous to *Vision Solar* and *Domante*. Plaintiff alleges that she is a victim of identity theft and that she did not authorize the credit applications submitted to Global Lending through Tropical Chevrolet. Yet Global Lending received credit applications in Plaintiff's name from an automobile dealership and pulled Plaintiff's credit report for the purpose of evaluating those credit applications—a/k/a credit transactions. Whether Plaintiff authorized the credit applications is immaterial as to whether Global Lending had a permissible purpose in pulling Plaintiff's consumer report. Thus, Plaintiff's FCRA claim fails to state a cause of action against Global Lending.

**D.     Plaintiff's Allegation Of Global Lending Lacking A Permissible Purpose Is Conclusory And Fails To Meet Applicable Pleading Standards.**

Plaintiff's allegation that Global Lending lacked a permissible purpose is conclusory and insufficient to validly plead a claim for violation of 15 U.S.C. § 1681b. Plaintiff merely states that she "never gave permission to GLS to access her credit report, nor did Defendant GLS have a permissible purpose under the FCRA to obtain Plaintiff's credit report in conjunction with this access of her credit report." (Doc. 1, ¶ 71.) This bare assertion—without any factual allegation as to why Global Lending's purpose was impermissible—constitutes exactly the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that courts need not accept. *Iqbal*, 556 U.S. at 678.

Even if Plaintiff's allegations were sufficient to plead the non-existence of a permissible purpose, Global Lending reviewed Plaintiff's consumer report in connection with credit applications received from an automobile dealership—credit transactions under the FCRA—which are permissible purposes pursuant to 15 U.S.C. § 1681b(a)(3)(A).

The Complaint fails to state a cause of action for this reason as well.

**E.      Dismissal Should Be With Prejudice Because Amendment Would Be Futile.**

A district court may deny leave to amend if amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). Here, Plaintiff cannot amend her Complaint to cure the fundamental legal deficiency in her claim against Global Lending. The undisputed facts—that Global Lending received credit applications in Plaintiff's name from an automobile dealership and issued adverse action denial letters—establish as a matter of law that Global Lending had a permissible purpose to access Plaintiff's credit report. No amendment can change these facts.

Further, the law is clear that authorization is not an element of a permissible purpose claim, and no additional factual allegations can transform a legally sufficient permissible purpose into an impermissible one. Because no set of facts Plaintiff could allege would entitle her to relief against Global Lending, dismissal with prejudice is appropriate.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint against Global Lending Services LLC in its entirety with prejudice and award such other relief as it deems just and proper.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

/s/ *Daniel J. Pasky*
Daniel J. Pasky
Florida Bar No. 56727
Daniel.pasky@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
Telephone: (904) 353-2000
Facsimile: (904) 358-1872
*Attorney for Defendant Global*
*Lending Services LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2026 the foregoing document is being filed with this Court and served on all counsel of record or *pro se* parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s *Daniel J. Pasky*