**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 1:26-cv-21874-DSL

KELLYNE PIERRE,

        Plaintiff,

    v.

TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES
LLC, GENERAL MOTORS FINANCIAL
COMPANY, INC., CAPITAL ONE,
N.A., CAPITAL ONE AUTO FINANCE,
INC., 700CREDIT, LLC, TROPICAL
CHEVROLET, INC., GLOBAL
LENDING SERVICES LLC, MIAMI
SHORES AUTOMOTIVE, LLC,
SANTANDER CONSUMER USA INC.,
and TD AUTO FINANCE LLC (NOW
MERGED INTO TD BANK, N.A.),

        Defendants.

---

**DEFENDANT 700 CREDIT, LLC'S MOTION TO DISMISS COMPLAINT AND
INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), Defendant 700 Credit, LLC, (hereinafter "700 Credit") by and through undersigned counsel, respectfully submits its Motion to Dismiss Plaintiff's Complaint and Jury Demand (hereinafter referred to as "Compl.," *see* Dkt. 1).

## I.   INTRODUCTION

Plaintiff's Complaint rests on the bare conclusion that 700 Credit lacked a permissible purpose in accessing or receiving her credit reports.  That is not enough under Fed. R. Civ. P. Rule 12(b)(6).  Because Plaintiff's own allegations describe an apparent automobile-credit transaction and fail to plead facts showing either an impermissible purpose or unreasonable procedures, all claims against 700 Credit (Count XIX and Count

XX) should be dismissed with prejudice.

Plaintiff alleges that she was the victim of identity theft involving automobile-related credit activity, including an unauthorized vehicle lease or auto-credit transaction. She then alleges that 700 Credit accessed or received her credit reports in connection with hard inquiries tied to that automobile-credit activity and Tropical Chevrolet.  Those allegations do not show an impermissible purpose.  They instead show an apparent auto-finance transaction.

The Fair Credit Reporting Act ("FCRA") does not require a consumer's express permission every time a report is furnished.  Consent is one permissible purpose, but it is not the only one.  A consumer report may be furnished in connection with a credit transaction involving the consumer, or where the user has a legitimate business need in connection with an apparent business transaction. Plaintiff's allegation that an identity thief used her information does not transform an apparent auto-credit transaction into an FCRA violation by 700 Credit.  At most, it explains why Plaintiff disputes the underlying transaction, but it does not show that 700 Credit obtained or furnished a report for a purpose the FCRA forbids.

Plaintiff's § 1681e(a) claim also fails for the same reason.  Section 1681e(a) requires consumer reporting agencies to maintain reasonable procedures to limit reports to permissible purposes under § 1681b.  So, if the report was obtained for a permissible purpose, the Section 1681e(a) claim fails as well.  A plaintiff must first plead facts showing that the report was furnished for an impermissible purpose.  Plaintiff has not done so.  She also fails to plead facts identifying what procedures 700 Credit used, what procedures were unreasonable, what certification was missing, what 700 Credit knew or should have known, or how any alleged procedural defect caused an impermissible disclosure.

For these reasons, the Court should dismiss all claims against 700 Credit with prejudice pursuant to Fed. R. Civ. P. Rule 12(b)(6).

## II.    FACTUAL BACKGROUND

### A.    Plaintiff's Allegations.

Plaintiff alleges that 700 Credit was a "consumer reporting agency" under 15 U.S.C. § 1681a(f) and/or a CRA "reseller" under 15 U.S.C. § 1681a(u).  Compl. ¶ 16.  Plaintiff further alleges that she was a documented victim of identity theft, having filed an FTC Identity Theft Report dated July 2, 2024, and police reports with the Hollywood and Coral Springs Police Departments on or about June 14, 2024.  *Id.* ¶ 61.  According to Plaintiff, those reports documented that her personal identifying information had been used without her knowledge or authorization in connection with fraudulent automobile-related credit activity, including by listing her as a co-signer or participant in a vehicle lease or auto-related credit transaction she did not authorize.  *Id.* ¶ 62.

Plaintiff alleges that 700 Credit accessed or received her credit reports in connection with hard inquiries on November 13, 2024, and May 19, 2025, without her permission and without a permissible purpose under the FCRA.  *Id.* ¶ 79.  She further alleges that Experian and Trans Union furnished her credit reports to 700 Credit without a permissible purpose and without reasonable procedures to verify that 700 Credit had one.  *Id.* ¶¶ 79, 88.  Plaintiff also alleges that Experian, Trans Union, and/or 700 Credit furnished her credit report to Tropical Chevrolet without a permissible purpose and without reasonable procedures to confirm Tropical Chevrolet's permissible purpose.  *Id.* ¶¶ 80, 89.  Plaintiff alleges that Trans Union later deleted the hard inquiries from her November 28, 2025, credit report. *Id.* ¶ 88.

Based on these allegations, Plaintiff asserts that 700 Credit violated 15 U.S.C. §§ 1681b and 1681e(a) and that she suffered damages as a result of 700 Credit's conduct and the conduct of other named defendants.  *Id.* ¶¶ 92–94.

### III.     ARGUMENT

**A.     Motion to Dismiss Standard of Review.**

700 Credit moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure Rule 12(b)(6) because Plaintiff's Complaint does not allege facts sufficient to show that his claims against 700 Credit are plausible.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Providing only "labels and conclusions" is insufficient, and "a formulaic recitation of the elements of a cause of action will not do." *Id.*  The Court is not required to accept as true legal conclusions couched as factual statements. *Id.*

The Court must take the Plaintiff's factual allegations as true.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678-79.  "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted).  The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663 ("Where a complaint pleads facts that are 'merely consistent with'…liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (citation omitted).

Furthermore, if assuming the truth of the factual allegations of the amended complaint, there is a dispositive legal issue that precludes relief or it is based on as meritless legal theory, dismissal is warranted. *Brown v. Crawford Cnty.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992) (where "there is no set of facts entitling [plaintiff] to relief," "Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint on the basis of a dispositive issue of law").

**B.    Pierre's FCRA Claims Fail Because the Complaint Pleads a Permissible Auto-Credit Purpose, Not Impermissible Access.**

**1.    Plaintiff's Own Allegations Show a Permissible Purpose Under § 1681b.**

Plaintiff's § 1681b theory fails because the Complaint pleads facts showing a permissible purpose. To state a claim under 15 U.S.C. § 1681b, a plaintiff must allege four elements: "(i) that there was a consumer report, (ii) Defendant obtained it, (iii) Defendant did so without a permissible statutory purpose, and (iv) Defendant acted with the specified culpable mental state." *Hill v. Ocwen Loan Servicing, LLC,* 369 F.Supp.3d 1324, 1330 (2019). Plaintiff has not alleged that 700 Credit did not have a "permissible purpose under the FCRA to obtain Plaintiff's credit report in conjunction with this access of her credit report."

Section 1681b permits a consumer reporting agency to furnish a consumer report to a person it has reason to believe intends to use the information "in connection with a credit transaction involving the consumer" and involving the extension of credit to the consumer. 15 U.S.C. § 1681b(a)(3)(A). It also permits a report where the user has a "legitimate business need" for the information in connection with a business transaction initiated by the consumer. 15 U.S.C. § 1681b(a)(3)(F)(i). The Complaint alleges that 700 Credit and Tropical Chevrolet accessed or received Plaintiff's credit reports in connection with automobile-related hard inquiries on November 13, 2024, and May 19, 2025. Compl. ¶¶ 79–80, 88–89. It further alleges that Plaintiff was the victim of identity theft involving fraudulent "automobile-related credit activity," including being listed as a co-signer or

participant in a vehicle lease or auto-related credit transaction she did not authorize. Compl. ¶¶ 61–62. Those allegations suggest an apparent auto-finance transaction. That is a clear permissible purpose under the FCRA.

Plaintiff's allegation that she "never gave permission" does not support her cause of action. The FCRA does not require consumer permission in every instance. Permission is only one of the multiple permissible purposes. A report may be obtained or furnished without the consumer's express permission when the statutory purpose exists, including a credit transaction or legitimate business need. *See* 15 U.S.C. § 1681b(a)(3)(A), (F). The FCRA provides that "any consumer reporting agency may furnish a consumer report under the following circumstances and no other," establishing an exhaustive list of permissible purposes. 15 U.S.C. § 1681b(a); *see also Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1213 (11th Cir. 2019). These permissible purposes include obtaining reports in connection with credit transactions involving the extension of credit to, or review or collection of an account of, the consumer and where a person "has a legitimate business need for the information…in connection with a business transaction that is initiated by the consumer." *Domante v. Dish Networks*, LLC, 974 F.3d 1342, 1345 (2020).

This is no less true in identity-theft cases. The Eleventh Circuit held in *Domante* that a company had a legitimate business need to obtain a consumer report where an identity thief submitted the plaintiff's information and the report was used to verify identity and eligibility. *Id.* at 1346–48. The court rejected the argument that the defendant lacked a permissible purpose because the plaintiff herself had not actually initiated the transaction. *Id.* It followed the Sixth Circuit's decision in *Bickley v. Dish Network, LLC*, 751 F.3d 724 (6th Cir. 2014), which held that requesting and obtaining a consumer report to verify a consumer's identity and assess eligibility for a service is a legitimate business need under the FCRA, even when the transaction was initiated by an imposter using the plaintiff's identifying information. *Id.* at 731–32.

Those cases defeat Plaintiff's allegations here. Plaintiff does not allege that 700 Credit accessed her report for curiosity, harassment, debt collection unrelated to her, marketing unrelated to a credit transaction, or any other non-statutory reason. She alleges the report was accessed in connection with hard inquiries tied to Tropical Chevrolet and alleged fraudulent auto-credit activity. Compl. ¶¶ 61–62, 79–80, 88–89. That is not an impermissible purpose. It is the kind of apparent credit transaction and identity-verification purpose recognized by § 1681b and by *Domante* and *Bickley*.

Nor is it enough to allege, in conclusory fashion, that 700 Credit "did not have a permissible purpose." Compl. ¶¶ 79, 88. That is a legal conclusion. The pleaded facts control. And those facts describe an apparent automobile credit transaction involving Plaintiff's identifying information. Plaintiff therefore fails to plead a plausible § 1681b violation.

### 2. Plaintiff's § 1681e(a) Claim Fails Because She Does Not Plead a Predicate § 1681b Violation.

Plaintiff's § 1681e(a) claim fails for the same reason. Section 1681b and § 1681e(a) do different things. Section 1681b identifies when a consumer report may be furnished. Section 1681e(a) requires consumer reporting agencies to maintain reasonable procedures designed to limit the furnishing of consumer reports to those permissible purposes. That means a § 1681e(a) claim is derivative of a § 1681b violation. *Harris v. Database Management & Marketing, Inc.*, 609 F. Supp. 2d 509, 517–18 (D. Md. 2009). "[A] plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b." *Id.* A plaintiff cannot state a § 1681e(a) claim merely by reciting that a CRA failed to maintain reasonable procedures. *Id.* She must first plead facts showing that the reporting agency actually furnished the report for a purpose not permitted by § 1681b. *Id.* "[A] plaintiff bringing a claim that a reporting agency violated the … requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b," that

is, to a third party without a permissible purpose. *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 (5th Cir. 2000); *see Middlebrooks v. Retail Credit Co.*, 416 F. Supp. 1013, 1016 (N.D. Ga. 1976) ("[O]nce it is shown that the information was relevant and for a permissible purpose, this court need not inquire into the reasonableness of the underlying procedures adopted by the agency to assure that the information will be furnished for purposes defined as permissible under the Act."); *see also Beckford v. Clarity Servs., Inc.*, No. 8:20-CV-2718-30SPF, 2021 WL 2980534, at *3 (M.D. Fla. July 13, 2021) (citation omitted) ("Because the allegations of the First Amended Complaint defeat Beckford's § 1681b(a) claim, her §1681e(a) claim also fails."); *Abbink v. Experian Info. Sols., Inc.*, No. SACV191257JFWPJWX, 2019 WL 6838705, at *4 (C.D. Cal. Sept. 20, 2019) (collecting cases).

In *Harris*, because the plaintiff could not show a § 1681b violation, the court did not need to evaluate whether the defendant's procedures were reasonable under § 1681e. 609 F. Supp. 2d at 518. Likewise, in *Baker v. Trans Union LLC*, No. CV 07-8032-PCT-JAT, 2008 WL 4838714 (D. Ariz. Nov. 6, 2008), the court dismissed a § 1681e(a) claim because the plaintiff failed to state a § 1681b claim: "Because the Court has held Ms. Baker failed to state a claim for violation of § 1681b, she cannot prevail on a claim for failure to safeguard against § 1681b violations." *Id.* at *5.

Plaintiff's Complaint does not satisfy that threshold requirement. The only facts she pleads show that 700 Credit and Tropical Chevrolet were involved in apparent auto-credit inquiries. Compl. ¶¶ 79–80, 88–89. She also alleges that the underlying problem was identity theft involving automobile-related credit activity. Compl. ¶¶ 61–62. As explained above, those facts describe a permissible purpose. They do not plead that 700 Credit furnished or obtained a report for an impermissible purpose.

Plaintiff does not allege any facts whatsoever to plausibly support that 700 Credit, in fact, had an impermissible purpose, and without such facts, this assertion amounts to a bare legal conclusion, which will not state a plausible claim for relief. *Iqbal*, 556 U.S. at

678.  Indeed, other courts have similarly found that conclusory allegations like Plaintiff's are insufficient to state a plausible claim for relief under § 1681b. *See Hinkle v. CBE Group*, No. CV 311-091, 2012 WL 681468, at *1 (S.D. Ga. Feb. 3, 2012), *report and recommendation adopted*, 2012 WL 676267 (S.D. Ga. Feb. 29, 2012) (finding conclusory allegations of an improper purpose insufficient); *Davis v. Cap. One Auto Fin.,* 2017 WL 4129647, at *3 (N.D. Ga. Sept. 18, 2017) ("Although he alleges that [Defendant] willfully accessed his consumer credit report without a permissible purpose, the Amended Complaint's conclusory allegations fail to explain how [D]efendant violated the FCRA.") (cleaned up); *see also, e.g., Jairam v. Cap. One Bank USA, N.A.*, No. 1:17-CV-2447-TCB-CMS, 2018 WL 1869819, at *2 (N.D. Ga. Feb. 12, 2018) ("[T]he factual matter offered by Plaintiff in her Complaint shows nothing beyond a mere possibility of a violation of the FCRA."), *report and recommendation adopted*, 2018 WL 1869823 (N.D. Ga. Mar. 13, 2018); *Muhammad v. Lockhart, Morris & Montgomery, Inc.*, No. 3:16-CV-194-TCB-RGV, 2017 WL 8181020, at *3 (N.D. Ga. Jan. 11, 2017). As the Court in *Muhammad* put it, "the scant factual matter offered by plaintiff in his complaint establishes nothing beyond speculation as to the mere possibility of an [*sic*] FCRA violation, without presenting enough facts to raise a reasonable expectation that discovery will reveal unlawful conduct." *Muhammad*, 2017 WL 8181020, at *3 (cleaned up). Similarly, it goes for Plaintiff's claim under the § 1681e(a) FCRA.

Absent factual allegations that provide a plausible basis to conclude that 700 Credit lacked a permissible purpose to request and obtain Plaintiff's consumer report, Plaintiff's Complaint fails under Rule 12(b)(6) to state a claim under § 1681a(e).  At most, Plaintiff alleges that she was the victim of identity theft and that she did not personally authorize the inquiries.  Those allegations may explain why Plaintiff disputes the underlying auto-credit activity.  However, they do not show that 700 Credit lacked a permissible purpose under the FCRA, and they do not show that 700 Credit failed to maintain reasonable procedures under § 1681e(a).  Because the Complaint fails to plead a predicate § 1681b

violation and pleads no facts showing unreasonable procedures, the § 1681e(a) claim should also be dismissed.[1]

**C.      The Court Should Dismiss the Complaint Without Further Leave to Amend.**

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires, but courts may exercise their discretion and dismiss with prejudice, when "futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal." *Patel v. Ga. Dep't BHDD*, 485 Fed.Appx. 982, 983 (11th Cir.2012). Here, dismissal with prejudice is warranted when an amendment would be futile because Plaintiff cannot plead any facts against 700 Credit to cure her pleading's deficiencies.

**IV. CONCLUSION**

700 Credit respectfully asks this Court to grant its Motion to Dismiss and dismiss Plaintiff's claims against 700 Credit with prejudice.

**Rule 7.1(a)(2) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), certification of conferral is not required because this is a motion to dismiss for failure to state a claim.

**REQUEST FOR HEARING**

Pursuant to Local Rule 7.1 (b)(2), 700 Credit respectfully requests oral argument be set on the Motion to Dismiss.  A hearing is requested because this matter involves multiple parties, could clarify complex legal issues, and directly answer any specific judicial questions concerning 700 Credit's involvement and/or role in the matter.  700 Credit

---

[1] The Complaint further fails because it pleads no facts concerning 700 Credit's procedures. Section 1681e(a) requires reasonable procedures. It does not impose strict liability whenever a consumer later disputes an inquiry or claims identity theft. Yet Plaintiff alleges only that 700 Credit failed to maintain reasonable procedures.  Compl. ¶ 217.  She does not allege what procedures 700 Credit used, what procedures it should have used, what certification it failed to obtain, what user-identification process was missing, what Tropical Chevrolet misrepresented, or how any alleged procedural defect caused the report to be furnished for an impermissible purpose.

estimates thirty (30) minutes of time would be required for argument.

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528
(404) 815-6022
plewton@ktslaw.com

*/s/ Parker A. Lewton*
Parker A. Lewton
Florida Bar No. 1002490

*Counsel For Defendant 700 Credit, LLC*

- 11 -

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF on June 3, 2026.

*/s/ Parker A. Lewton*
Parker A. Lewton
