UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.: 1:26-CV-21874

KELLYNE PIERRE,

    Plaintiff,

v.

TRANS UNION, LLC, *et al.*,

    Defendants.

_____/

**CAPITAL ONE, N.A. AND CAPITAL ONE AUTO FINANCE'S
MOTION TO DISMISS COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendants Capital One, N.A. ("Capital One") and Capital One Auto Finance, a division of Capital One, N.A. ("COAF") (collectively, "the Capital One Defendants") by and through undersigned counsel, hereby move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint of Plaintiff Kellyne Pierre ("Plaintiff") for failure to state a claim upon which relief may be granted. In support, Defendants respectfully state as follows:

**INTRODUCTION**

Plaintiff's Complaint contends that both Capital One and COAF violated § 1681b of the Fair Credit Reporting Act ("FCRA") by accessing her credit report on certain dates in 2024 and 2025 without her "permission." Plaintiff contends these credit inquiries were the result of an identity theft scheme against her. Importantly,

however, Plaintiff's conclusory allegations that the Capital One Defendants lacked a permissible purpose are grounded on a flawed legal premise. It is well-established that a furnisher or user of consumer reports is not required to confirm the identity of a consumer before requesting or viewing a credit report when it receives a credit application. Nor is a consumer's direct "authorization" required to establish a permissible purpose. Thus, Plaintiff's allegations of identity theft and lack of "permission" are insufficient to support her claims for violation of 15 U.S.C. § 1681b. Additionally, Plaintiff's claims are insufficiently plead, regardless of the merits of his legal theories. For these reasons, Plaintiff's claims against Capital One Defendants warrant dismissal pursuant to Rule 12(b)(6).

## BACKGROUND

Plaintiff alleges she is a victim of identity theft that resulted in her filing an FTC Identity Theft Report, multiple police reports, and credit reporting disputes in June and July 2024. (Doc. 1, ¶¶ 61-63, 66, 74, 84, 86.) Plaintiff contends her Equifax report contains inquiries by Capital One on July 12, 2024, and December 20, 2024, for which she "never gave permission." (*Id.* at ¶ 70.) Similarly, Plaintiff contends her Equifax, Experian, and TransUnion reports each contain an inquiry by COAF in the name "Capital One Via Dealer" on November 13, 2024, for which she likewise "never gave permission." (*Id.* at ¶¶ 70, 81, 90.) On that basis, Plaintiff asserts causes of action against Capital One and COAF violations of 15 U.S.C. § 1681b(f). (*Id.* at ¶¶ 199, 205.)

## STANDARD OF REVIEW

To state a claim upon which relief can be granted, a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). While this standard does not require "detailed factual allegations," it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, while the Court must accept Plaintiff's factual allegations as true, it need not accept legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

### A.   Plaintiff's Alleged Identity Theft And Lack Of Authorization Do Not Establish The Lack Of A Permissible Purpose.

To state a claim under § 1681b(f), a plaintiff must allege that the defendant obtained his consumer report "without a permissible statutory purpose." *Baines v. Convergent Outsourcing Inc.*, No. 6:24-CV-804-WWB-LHP, 2024 WL 5679237, at *2 (M.D. Fla. Nov. 12, 2024*), report and recommendation adopted*, No. 6:24-CV-804-WWB-LHP, 2025 WL 1276858 (M.D. Fla. Jan. 10, 2025). Plaintiff has not adequately done so in this case, as his FCRA claims against the Capital One Defendants are based

entirely on a misconception that a lack of authorization or the existence of identity theft equates to the absence of a permissible purpose. Plaintiff alleges that the Capital One Defendants obtained his consumer report without his "permission," and thus without a permissible purpose, seemingly because he was a victim of identity theft. This, however, is a flawed legal theory.

The FCRA allows a user to access a consumer's credit report for a variety of reasons, including in connection with the possible "extension of credit" or if it has a "legitimate business need" for the information. *See* 15 U.S.C. § 1681b(a)(3)(A), (F). Thus, a creditor is permitted to access a consumer's credit information in response to an application for credit. *See Lopez v. JPMorgan Chase Bank, NA*, No. 1:15-cv-1970, 2016 WL 2990982, at *2 (N.D. Ohio May 24, 2016) (noting that a creditor is "authorized to obtain [a consumer's] credit report for the purpose of deciding whether to extend credit."); *Clemons v. Cutler Ridge Automotive, LLC*, No. 06–21648–CIV, 2008 WL 879324, at *2–3 (S.D. Fla. Mar. 31, 2008) ("Obtaining a credit report in connection with a new business transaction in order to determine the consumer's eligibility, … is a permissible purpose under the FCRA.").

Importantly, a creditor's authorization to access a consumer's credit information is not nullified by an alleged (and unknown) identify theft. *See Glanton v. DirecTV, LLC,,* 172 F. Supp. 3d 890, 896 (D.S.C. 2016) (collecting cases) ("Courts have reached the

68494257 v1

conclusion that there is no violation of Section 1681b when a creditor obtains a credit report due to an imposter's application for credit even though the identity theft victim did not make the application."); *see also, e.g.*, *Migliore by Migliore v. Vision Solar LLC*, 160 F.4th 79, 91–92 (3d Cir. 2025) ("[Whether Migliore] did not apply for credit ... is not pertinent to whether she stated a [FCRA] claim. Section 1681b(f) bars obtaining or using a credit report for an improper purpose; it does not bar applying for credit by an improper means or in someone else's name."); *Morris v. Deutsche Bank Trust Co. Americas*, No. 13-60689-Civ-SCOLA, 2014 WL 11531641, at *5 (S.D. Fla. Feb. 20, 2014). The Eleventh Circuit has expressly held that "the [FCRA] does not explicitly require a user of consumer reports to confirm beyond doubt the identity of potential consumers before requesting a report." *Domante v. Dish Networks, L.L.C.*, 974 F.3d 1342, 1346 (11th Cir. 2020). This binding precedent is directly on point: a creditor that receives a credit application bearing a consumer's identifying information has a permissible purpose to pull that consumer's credit report, regardless of whether the application was in fact submitted by the consumer or by an "identity thief".

Likewise, "there is no requirement that the consumer consent to the access of her consumer report when the purpose is otherwise lawful." *Jefferson-James v. Radius Glob. Sols.*, No. CV 24-0507, 2025 WL 1648373, at *2 (W.D. La. June 10, 2025); *Wallace v. Finkel*, No. 2:06CV05-SRW, 2006 WL 1731149 at *5 (M.D. Ala. June 22, 2006)

(consumer's consent or knowledge not required if a report is obtained for a permissible purpose). The law is clear that "so long as it has a statutorily defined 'permissible purpose[]'" a business does not require the consent of a potential customer under the FCRA. *Long v. Bergstrom Victory Lane, Inc.*, No. 18-C-688, 2018 WL 4829192, at *2 (E.D. Wis. Oct. 4, 2018) (quoting *Santangelo v. Comcast Corp.*, No. 15-cv-0293, 2015 WL 3421156, at *4 (N.D. Ill. May 28, 2015)); *Minter v. AAA Cook Cty. Consolidation, Inc.*, No. 02 C 8698, 2004 WL 1630781, at *4 (N.D. Ill. July 19, 2004). Allegations that a plaintiff "never had business dealings, made a credit application with, or otherwise gave permission to [the defendant] to access his credit report are insufficient to state a claim" under §1681b(f). *Davis v. Capital One Auto Fin.*, No. 1:17-CV-1706-WSD, 2017 WL 4129647, at *3 (N.D. Ga. Sept. 18, 2017).

Here, Plaintiff has not alleged that the Capital One Defendants knew or had reason to know that any credit applications were the result of an alleged identity theft. She also has not alleged (nor can she) that the Capital One Defendants did not, in fact, receive applications in connection with the credit inquiries at issue. Pulling Plaintiff's credit report in connection with credit transactions is a permissible purpose, regardless of whether the applications themselves were authorized and/or the product of "identity theft." Thus, Plaintiff's allegations that the Capital One Defendants lacked a permissible purpose are conclusory and insufficient to validly plead a claim for violation of 15 U.S.C. § 1681b.

### B.        Plaintiff's Conclusory Allegations Fail to State a Viable FCRA Claim.

Even setting aside its flawed premise, Plaintiff's Complaint does not plead sufficient facts to state a viable claim under § 1681b(f). Such a claim requires a plaintiff to allege: "(i) there was a consumer report, (ii) Defendant obtained it, (iii) Defendant did so without a permissible statutory purpose, and (iv) Defendant acted with the specified culpable mental state [willful or negligently]." *Baines*, 2024 WL 5679237, at *2.

Plaintiff's allegations that the Capital One Defendants accessed her credit without a permissible purpose are conclusory and insufficient to validly plead a claim for violation of 15 U.S.C. § 1681b. Plaintiff asserts only that she "never gave permission" to Capital One or COAF to access her credit report, nor did Capital One or COAF "have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of her credit reports." (Doc. 1., ¶¶ 70, 81, 90.) As outlined above, the underlying premise of these allegations fails. Moreover, tellingly absent from Plaintiff's Complaint are any factual allegations providing specific details surrounding the Capital One Defendants' use of her credit information and whether Capital One or COAF ever received a credit application in Plaintiff's name. Similarly, Plaintiff provides only vague details regarding her alleged history of identity theft, with no allegations whatsoever as to any purported acts of identity thieves at the time of the credit pulls placed at issue in her Complaint. Absent such facts, Plaintiff's allegations constitute exactly the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that the Court need not accept. *Iqbal*, 556 U.S. at 678. Indeed, "bare

68494257 v1

allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient to state a FCRA claim." *Jones v. Best Service Company*, No. CV 14-9872 SS, 2017 WL 490902, at *7 (C.D. Cal. Feb. 6, 2017) (internal citations omitted); *Flury v. CSC Credit Servs.*, No. CV-11-1166-PHX-FJM, 2012 WL 300726, at *1 (D. Ariz. Feb. 1, 2012); *Edwards v. Equifax Information Servs., LLC*, No. 3:09CV622-HEH, 2009 WL 5178264, at *2 (E.D. Va. Dec. 24, 2009).

Plaintiff also fails to adequately allege the Capital One Defendants' mental state. A "plaintiff's complaint must allege specific facts as to the defendant's mental state when the defendant accessed the plaintiff's credit report." *Braun v. United Recovery Systems, LP*, 14 F. Supp. 3d 159, 167 (S.D.N.Y. 2014). "Merely stating that the violation was 'willful' or 'negligent'" – as Plaintiff does here – "is insufficient." *Id.*; *see also Stone v. AT&T Servs., Inc.*, No. 6:16-cv-1457-Orl-18KRS, 2017 WL 11884604, at *4 (M.D. Fla. Jan. 27, 2017) ("In order to establish a claim of willful or negligent misuse or acquisition of a consumer report under section 1681b(f), a plaintiff must sufficiently allege that a defendant used or obtained the plaintiff's consumer report with the specified culpable mental state and without a permissible statutory purpose."); *Helman v. Udren Law Offices, P.C.*, 85 F. Supp. 3d 1319, 1331–32 (S.D. Fla. 2014) (" [A] plaintiff's allegations cannot be conclusory and must include specific facts as to a defendant's mental state when the report was accessed"). This is particularly true as to Plaintiff's attempted "willful" violation claim, which requires Plaintiff to show that the Capital One Defendants' conduct was intentional or reckless. *See Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 57 (2007). Accordingly, Plaintiff has failed to properly state an impermissible purpose FCRA claim

against the Capital One Defendants. *See Romanello v. Capital One Bank (USA), N.A.,* No. 5:14-cv-177-FL, 2014 WL 6666900, at *5 (E.D.N.C. Nov. 24, 2014) ("[B]ecause the complaint fails to supply facts from which the court could infer defendant acted either willfully or negligently, the complaint must be dismissed"); *Glanton,* 172 F. Supp. 3d at 896 (holding that the plaintiff failed to state FCRA claim where he "allege[d] no facts whatsoever to indicate that the defendant acted either willfully or negligently in obtaining his credit report"). For this reason as well, her claims must be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint as to Capital One and COAF in its entirety, with prejudice.

Respectfully submitted this 5th day of June, 2026,

> */s/ Rachel B. Cash*
> Rachel B. Cash (Florida Bar: 114052)
> Ellen T. Mathews (Florida Bar: 122217)
> Burr & Forman LLP
> 420 North 20th Street, Suite 3400
> Birmingham, Alabama 35203
> Telephone: (205) 251-3000
> Facsimile: (205) 244-5646
> Email: rcash@burr.com
> Email: emathews@burr.com
> Secondary: jcarlin@burr.com
>
> *Counsel for Defendants Capital One, N.A. and Capital One Auto Finance, a division of Capital One, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Rachel B. Cash*
OF COUNSEL

68494257 v1