**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**KELLYNE PIERRE,**                                   **CASE NO.: 1:26-cv-21874-DSL**

  *Plaintiff,*

**v.**

**TRANS UNION, LLC, et al.,**

  *Defendants.*

_____/

## JOINT SCHEDULING REPORT

Plaintiff, Kellyne Pierre ("Plaintiff"), and Defendants[1], Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), Capital One, N.A ("Capital One") and Capital One Auto Finance, a division of Capital One, N.A. ("COAF") submit this Joint Scheduling Report and respectfully request that this case be assigned to the Standard Case Management Track.

### A.  Likelihood of Settlement:

The Parties have engaged in early settlement discussions and are hopeful that a settlement can be reached.

### B.  Likelihood of Appearance in the Action of Additional Parties:

The Parties do not anticipate the appearance of any additional plaintiff or defendants. However, should any additional parties be identified at a later date, the Parties agree to move to

---

[1] Order Dismissing Miami Shores Automotive and Tropical Chevrolet was entered on April 29, 2026 Doc 22. Order Dismissing TD Auto Finance LLC (now merged into TD Bank) was entered on May 22, 2026 Doc 31. Order Dismissing General Motors Financial Company, Inc. was entered on June 1, 2026 Doc 43. Order Dismissing Defendants Global Lending Services LLC, Santander Consumer USA Inc. and Equifax Information Servies was entered on June 9, 2026 Doc. 53. Stipulation of Dismissal as to Defendant 700Credit, LLC was filed on June 9, 2026 Doc 54.

add or join any such party in compliance with the deadline identified in this Joint Scheduling Report.

    **C. <u>Proposed Limits on the Time:</u>**

1.  Rule 26(a)(1)(A) Initial Disclosures (if not provided earlier)    **[06/15/2026]**

2.  Joinder of any additional parties and filing of motions to amend the complaint by    **[06/22/2026]**

3.  Written lists containing the names and addresses of all fact witnesses intended to be called at trial by    **[12/21/2026]**

4.  Parties shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by    **[11/20/2026]**

5.  Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by    **[12/21/2026]**

6.  Parties shall select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation by    **[09/21/2026]**

7.  Fact discovery shall be completed by    **[01/20/2027]**

8.  Expert discovery shall be completed by    **[01/20/2027]**

9.  Dispositive motions, including those regarding summary judgment and *Daubert*, shall be filed by    **[02/19/2027]**

10. Mediation shall be completed by    **[04/20/2027]**

11. All pretrial motions and memoranda of law, including motions in limine, shall be filed by    **[07/30/2027]**

12. Joint pretrial stipulation, proposed joint jury instructions,                    **[08/30/2027]**
    proposed joint verdict form, and/or proposed findings of
    fact and conclusions of law shall be filed by

**D. Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The parties will discuss elimination of such claims and defenses on an ongoing basis. The parties will agree to discuss the elimination of evidentiary issues with respect to the authenticity of documents received via subpoena, or produced by the parties themselves, by usage of appropriate stipulations as to admissibility. The parties will agree to discuss any stipulation as to those factual issues which a party believes there is no dispute.

**E. The Necessity or Desirability of Amendments to the Pleadings:**

The Parties do not anticipate amending the pleadings at this time but reserve the right to do so if necessary.

**F. The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

a) Plaintiff proposes that a document produced in this litigation would be presumed to be authentic for purposes of trial if offered as evidence against the party that produced it unless the party gave notice at the time of production that the authenticity of the document may be challenged, including the reasons for such a challenge. Plaintiff further proposes that a document produced in this litigation by any third party is presumed to be authentic for purposes of trial unless except that a party may object to the authenticity of those documents within 30 days of receiving them.

b) After discovery has been conducted, the Parties will confer regarding the possibility of obtaining additional admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof. That includes attempting to stipulate as to documents received pursuant to Rule 45 subpoena. The parties are not aware at this time of the need for advance rulings on admissibility of evidence.

c) And to mitigate costs, Plaintiff will also seek Defendants' stipulation as to authenticity of the documents produced to avoid costly out-of-state depositions for that same purpose, or otherwise take record depositions to establish the authenticity of the documents at issue.

d) Experian does not agree to Plaintiff's proposals contained in Section F but, where possible, will confer in good faith with all parties to resolve authenticity proof issues in the interest of conservation of judicial resources and efficiency.

**G. <u>Suggestions for the avoidance of unnecessary proof and of cumulative evidence:</u>**

The Parties suggestions are contained in the previous section.

**H. <u>Suggestions on the advisability of referring matters to a Magistrate Judge or master:</u>**

The Parties do not consent to any matters being referred to the Magistrate other than those already required by rule.

**I. <u>Preliminary Estimate of the Time Required for Trial:</u>**

Based on what is known at this time, counsel estimates that at trial they may require:

**Plaintiff**: approximately ___10___ in-court hours;

**Trans Union:** approximately ___8___ in-court hours;

**Experian:** approximately ___10___ in-court hours;

**Capital One:** approximately ___8___ in-court hours;

**COAF:** approximately ___8___ in-court hours;

*Estimated Trial Time:*  __5__  *days*.

**J.**  **Requested Date or Dates of Conferences Before Trial, Final Pretrial Conference and Trial:**

The Parties request that a trial date be set for **September 20, 2027** with a pretrial conference to be set on **September 13, 2027**. A settlement conference, other than mediation, may be beneficial prior to a final pretrial conference.

**K.**  **Any issues about:**

(i)   disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

If electronically stored information is the subject of discovery, the Parties agree to confer as to any disputes and to attempt to produce reasonably accessible responsive documentation in a manner that does not impose undue burden or cost on either party. The Parties agree to produce ESI in a reasonably usable format (e.g., hard copy or .pdf) as proportional to the needs of the case. Once the Parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary.

(ii)   claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and

The Parties are not aware of any issues at this time. The Parties agree that there may be a need for discovery in this case to be governed by a protective order. If the Parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. If the Parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

The Parties agree that inadvertent disclosure of information protected by the attorney-client

and/or work product privilege shall not constitute a waiver of an otherwise valid claim of privilege. Any party that receives such information shall return it to the producing party immediately upon discovery of the information without retaining copies. The Parties will comply with any orders requiring redaction of information in otherwise non-privileged documents.

The Parties agree that following service of any interrogatory response or document production from which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs. The Parties agree that inadvertent disclosure of information protected by the attorney-client and/or work product privilege shall not constitute a waiver of an otherwise valid claim of privilege. Any party that receives such information shall return it to the producing party immediately upon discovery of the information without retaining copies. The parties will comply with any orders requiring redaction of information in otherwise non-privileged documents.

**L. <u>Other Information That Might Be Helpful to the Court in Setting the Case for Status or Pretrial Conference:</u>**

None at this time.

J. **<u>Whether any party intends to use an expert and if so, the type of expert each party intends to use:</u>**

It is unknown whether any party intends to use an expert at this time; however, any experts shall be disclosed pursuant to this Court's scheduling order. Trans Union does not anticipate using expert witnesses in this matter, save for rebuttal

Dated: June 10, 2026

*Respectfully Submitted,*

**SHARMIN & SHARMIN, P.A.**
830 North Federal Highway
Lake Worth, FL 33460
Telephone: 561-655-3925
Fax: 844-921-1022

*/s/ Eyal S. Eisig*
Eyal S. Eisig, Esq.
FBN: 109438
Email: eyal@sharminlaw.com
*Counsel for Plaintiff*

**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC 20036
Telephone: (202) 346-4000

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell, Esq.
FBN: 108109
Email: gschnell@goodwinlaw.com
*Counsel for Defendant*
*Experian Information Solutions, Inc.*

**TRANS UNION, LLC**
555 W. Adams Street
Chicago, IL 60661
Telephone: (469) 578-1464

*/s/ Charlotte Long*
Charlotte Long, Esq.
FBN: 0112517
Email: Charlotte.Long@transunion.com
*Counsel for Defendant*
*Trans Union, LLC*

**BURR & FORMAN LLP**
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Phone: (205) 251-3000

*/s/ Ellen T. Mathews*
Ellen T. Mathews, Esq.
FBN: 122217
Rachel B. Cash, Esq.
FBN: 0013564
Email: emathews@burr.com
Email: rcash@burr.com
*Counsel for Defendant*
*Capital One, N.A. and Capital One Auto*
*Finance*